### E. E. EDWARDS V. THE STATE.

No. 19494.   Delivered February 23, 1938.
Appeal reinstated April 20, 1938.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor, punishment being assessed at a fine of $50.00 and confinement in jail for thirty days.

The recognizance on appeal recites that appellant was convicted of a felony, whereas the conviction was for a misdemeanor.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

GRAVES, JUDGE.—This cause has heretofore been dismissed because of a defective recognizance. It has been made to appear that such defect was but a clerical error, and the same has been corrected by the filing of a supplemental transcript, and the appeal is reinstated, and we will consider the case upon its merits.

Appellant complains of the indictment, in a motion to quash the same, as being vague, indefinite, ambiguous and repugnant, and charging the appellant with separate and distinct offenses. We find no order of any kind in the record disposing of such motion to quash; however we say that the pleader seems to have endeavored to meet whatever facts might arise upon the trial of the case by providing in six separate counts a charge for the theft of a certain automobile. We note that only the sixth count in such indictment was submitted to the jury. That is for the theft of an automobile belonging to Glenn Burke, and which was held by Burl McKee as custodian for said Burke, such taking being without the consent of either of them. This count seems to be understandable and in proper form.

Appellant further complains that the facts show the offense to have been committed in Runnels County rather than in Tom Green County, where this trial was had. There is no statement of facts in the record, hence we can not pass upon this contention.

Finding no error herein, this judgment is affirmed.